**FILED**

January 22, 2021

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ lad _____

DEPUTY

PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE ___Western___ DISTRICT OF TEXAS
## ___Waco___ DIVISION

Andre D. Royd #0184012
_____
Plaintiff's Name and ID Number

Mclennan Co. Jail.
_____
Place of Confinement

CASE NO._____ **6:21-cv-00065**

(Clerk will assign the number)

v.

Rojelio H. Luna , T.S.T.C.; 3801 Campus Dr.,
_____    Waco, TX. 76705
Defendant's Name and Address

Richland Well ; H.Y.R Dept. 6001 W. Waco Dr. #311
_____    Waco, TX. 76710
Defendant's Name and Address

N/A
_____
Defendant's Name and Address
( DO NOT USE "ET AL.")

_____

### INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1.  To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2.  Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3.  You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4.  When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1.  In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2.  If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3.  The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4.  If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I.  **PREVIOUS LAWSUITS:**

    A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? X_ YES ___ NO

    B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

      1. Approximate date of filing lawsuit: ___10/27-31/2019___

      2. Parties to previous lawsuit:             SEE ATTACHMENT A

         Plaintiff(s) ___Andre D. Boyd___

         Defendant(s) ___Sheriff Pennell et al___

      3. Court: (If federal, name the district; if state, name the county.) ___Western District___

      4. Cause number: ___W-19-CV-00634 ADA___

      5. Name of judge to whom case was assigned: ___Judge Alan Albright___

      6. Disposition: (Was the case dismissed, appealed, still pending?) ___appealed___

      7. Approximate date of disposition: ___08/21/2020 Appealed 12/08/2020___

                        2 - Appeal No: 20-50945

ATTACHMENT A

Previous Lawsuits

B.

1) Appox. date of filing: 10/30/2019

2) Plaintiffs: Andre D. Boyd
   Defendants: Sheriff Parnell McNamara
                et al.

3) Court: Western District.

4) Cause # W-20-CV-0059-ADA

5) Judge: Judge Alan Albright

6) Disposition: appealed

7) Appx. date of disposition: 02-10-2020 /
                   Appeal. 03-02-2020.

— Appeal No: 20-50117

II.    PLACE OF PRESENT CONFINEMENT: _Mclennan Co. Jail_

III.    EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?        ___YES  X NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV.    PARTIES TO THIS SUIT:

A.  Name and address of plaintiff: _Andre D. Boyd # 0184012_
_3101 E. Mavlin Hwy, Waco, TX. 76705_

B.  Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: _Rogelio H. Luna; security guard for_
_Richland Mall; TSTC, 3801 Campus Dr. Waco, TX. 76705_

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
_SEE ATTACHMENT B_

Defendant #2: _Richland Mall (employeer)_
_6001 W. Waco, Dr. # 314, Waco, TX. 76710_

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
_SEE ATTACHMENT C_

Defendant #3: _N/A_

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.


Defendant #4: _N/A_

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.


Defendant #5: _N/A_

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.
_N/A_

Legal Claims.

1) Plaintiff reallege and incorporate by reference paragraphs 1-9 in his affidavit and statement of claim.

2) Both Defendants violated my 4Th, and 14Th Amend. rights by unlawfully detaining me, assaulting me, having me falsely arrested, infliction of emotional distress, racial discriminatory, and due process violations under The 4Th, 14Th Amendment of The U.S. Constitution, and Tx. Const. Am. 1 § 9.

3) The Plaintiff has no plain, and adequate or complete remedy at law to redress The wrongs described herein. Plaintiff has been and will continue to be irreparably injured by The conduct of The defendants unless This court grants The declaratory and injunctive relief which plaintiff seeks.

4) Each Defendant is sued individually and in his official capacity. At all times mentioned in This complaint each defendant acted under The color of state, federal and constitutional law.

pg. 1 of 1.

V.   STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how <u>each</u> defendant is involved. <u>You need not give any legal arguments or cite any cases or statutes.</u> If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

SEE ATTACHMENT D

VI.  RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

SEE ATTACHMENT E.

VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

Andre Boyd, Andre Duane Boyd, Andre D. Boyd

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

605066, 624105, 1445465   several others. D.K.

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ____YES  X  NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (if federal, give the district and division): ___ N / A

2. Case number: _____

3. Approximate date sanctions were imposed: _____ N / A

4. Have the sanctions been lifted or otherwise satisfied? ____YES ____NO

C. Has any court ever warned or notified you that sanctions could be imposed?    _____ YES  X NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

    1. Court that issued warning (if federal, give the district and division): _____

    2. Case number: _____ N / A _____

    3. Approximate date warning was issued: _____

Executed on: **01-15-2021**
       DATE

Andre D. Boyd

_____
(Signature of Plaintiff)


## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this _____ **15TH** _____ day of __ **January** __ , 20 **21** .
     (Day)            (month)          (year)



CURTIS EARL BUSH
Notary Public
STATE OF TEXAS
ID#13129753-1
My Comm. Exp. Sep. 28, 2021

Andre D. Boyd

_____
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

In The United States District Court
For Western District of Texas
Waco Division

Andre D. Boyd                    §
# 0184012                        §
                                 §
V.                               §
                                 §
Rojelio H. Luna,                 §
Richland Mall.                   §

  Affidavit of Andre D. Boyd

State of Texas                   §
                                 §
County of Mclennan               §

  BEFORE ME, The undersigned authority, on
This day personally appeared Andre D. Boyd
and being first duly sworn according to law
upon his oath deposed and stated as follows:

  1) "My name is Andre D. Boyd, I am over 18
years of age, a resident citizen of The State of
Texas, of sound mind and fully competent to
make This Affidavit. I am of moral turpitude,
and all statements made herein are based upon
my personal Knowledge and are True and correct.

  2) On or about August 18, 2019 while at The
Richland Mall in Waco, Texas and I encountered
Rojelio H Luna, and as a result I was unlawfully

pg. 1 of 10

detained, assaulted, and falsely arrested, and those
are the facts of the alleged incident.

3) While I was shopping at Richland Mall around
1230 pm, after finishing my shopping and was
leaving from the direction of the cashiers, in
Dillards Dept. Store, coming towards the exist,
which is a straight shot, a guy in all
black clothes, I guessed was possibly a Richland Mall
security guard, was coming through the doors
from outside. As we were passing each other, we
both briefly spoke to each other as I continued
out the door. Once I was outside and approximately
10 to 20 ft. or so from the door, the guy comes
out behind me, and ask if he could speak to
me, in which I stopped and awaited his approach.
Once he walked up to me, he asked if I had a
receipt for my purchases, in which I replied, yes,
I did. Up to this point, this was a natural
consensual encounter between a customer and a
security guard. He then asked me if he would
see it in which I replied, No, I did not have to
show him any receipt. I then asked him why
wasn't he asking the lady at her car, who was
hispanic, putting items in her trunk for a
receipt and he then replied, because he was
asking me. I then felt and realized he was only
messing with me because I was the only black

pg. 2 of 10

person he had seen, which was outright racial profiling and discrimination. I then told him, he was only messing with me because I was black. He then says, that I should have Dillards bags for my items, in which I do in my pockets, because I intended to hang my few clothes up in my vehicle. So he then gets irate and asked to see my price tags, and when I raise my clothes up to show him the price tag, he rips it off and throws it on the ground. I asked him why he did that, and I told him, he wasn't messing with no one else but me, and tried to explain that I had not done anything wrong. He then being highly agitated reaches out violently and grabs me by the front of my shirt at my neck line and literally "jacks me up." I then become fearful for my life and safety, not knowing what was going on; put my arms straight out at my sides of my body, demonstrating submission, and dropping the clothes in the process and begging him to let me go, and telling him, that he was hurting me. At this point he was detaining me. There are three distinct types of police-citizen interactions: 1) consensual encounters that do not implicate the 4th Amendment, 2) investigation detentions that are 4th Amendment seizures of limited scope and duration that must be supported by a reasonable suspicion of criminal activity, 3) arrests, the most intrusive of the 4th Amendment

seizures That are reasonably only if supported
by probable cause. Wade v. State. 422. S.W.3d.661,
667. Both arrest and a detention are restraints
on a persons freedom however, an arrest involves
a greater degree of restraint. State v. Sheppard.
271 S.W.3d.291,290. In making The custody
determination, The primary question is whether
a reasonable person would perceive The detention
to be a restraint on his movement comparable
to a formal arrest; given all The objective
circumstances". id. The following factors may
be considered when determining whether a
seizure was a detention or an arrest: 1) The
amount of force displayed, 2) The duration of a
detention, 3) The efficiency of The investigative
process and whether it is conducted at The original
location or The person is transported to another
location, 4) The officers expressed intent-That is
whether he told The detained person That he was
under arrest or was being detained only for
Temporary investigation and 5) any other relevant
factors. Sheppard 271 S.W. at 291., Whittington, 401
S.W.3d. at 272. Additional factors, Texas courts
have found relevant when determining The
reasonableness of a detention include The nature
of The crime under investigation, The degree
of suspicion; The location of The stop, The
time of day, Thee number of suspects present,

The reaction of each suspect, and whether the officer actually conducts an investigation. Whittington 401 S.W.3d at 272.

4) I asked him (Mr. Luna) why was he messing with me since no theft prevention, cashier, or anyone else had notified him of any wrong doing on my part. He then asked me if I would come back into the store to verify my purchase? At this time I was afraid of this guy, I now knew to be Rojelio H. Luna; but all I wanted to do was leave so I could properly report the incident. So I tell him I was leaving and that I had a right to leave. I began to back away while he continued to tighten his grip on my shirt around my neck. I asked him again to please let me go. He then begins to stomp my left foot multiple times, further assaulting me. To establish that an officer's use of force constituted an unreasonable seizure under the 4th Amendment, the plaintiff must show 1) an injury, 2) which resulted directly and only from a use of force that was clearly excessive and 3) the excessiveness of which was clearly unreasonable. Freeman v. Gore. 483. S.W.3d. 404, 416. Under Tex. Const. art. 1 § 9.." The people shall be secure in their persons, houses, and possessions, from all unreasonable seizures or searches" He was clearly attacking me without clear probable cause.

5) Once we made it to my vehicle, I opened my door with my key and although he was still holding my shirt, I stepped up into my vehicle. That is a 2009 Tahoe with large rims and tires, so you must step on the running boards to get in. Never once did he say, I was under arrest, or that I was officially detained, he only continued to assault me unprovoked. Once I was in my vehicle and he was standing on my running boards holding my shirt tightly, I told him I was about to leave and to get off my vehicle. Once I stuck my key into my ignition and started my vehicle, He yelled, I am about to tase you, in which I said, for what, I'm not doing anything to you. I went to put the vehicle into gear, and that's when he first tased me. I fought to keep the vehicle that was now backing up slowly from hitting any other vehicle. I got the vehicle stopped and tried to place it into park, for I was being tased, when Mr. Luna grabbed the gear shift and at that same moment, drive stunned me with his stun gun. I lost consciousness and he intentionally knocked the vehicle into gear and we hit several parked vehicles. According to Lunas own report he tased me several times. According to the warning on the tesel in which Luna wears, He is not to tase a person while they are operating a vehicle.

6) When I regained conscious of what was going
on, he was reaching for the keys of my vehicle,
while still tesing me in drive stunn mode. He
then jumped off my running boards and closed my
door, and he and others held my vehicle door closed
until the police arrived.

7) They (police) pulled me out my vehicle, slammed
me on the ground, and I was then taken to the
hospital. According to my hospital records from
08-18-2019, I was checked into the hospital
for extreme dehydration due to smoking crack
and had multiple motor vehicle crashes. The Waco
P.D. intentionally erroneously ommitted on the
hospitals intake forms that I was tesed to
save Mr. Luna from being questioned about
his tesing me and his physical assault against
me, so I was never properly evaluated after being
tesed multiple times. Because I was extremely
dehydrated, I was not able to talk, more than
giving my name and date of birth. I was then
booked into McLennan County Jail.

8) Mr. Luna did not have a right to detain
me, or assault me and has violated my 4th
Amendment rights and has racially discriminated
against me, and had me falsely arrested. He did
not possess objective data and enough articulable
facts from which he could infer I was engaged in
a criminal behaviour. The 4th Amendment and

The Tex. Const. art. 1 §9, guarantees my right to be secure in my person against unreasonable searches, seizures and arrest. Claims of excessive use of force by law enforcement in course of seizing persons are to be analyzed under The 4th Amendment's reasonableness standard; officers underlying intent or motivation in carrying out seizure is irrelevant; in determining whether amount of force that is used is reasonable, courts must balance nature and quality of intrusion on individuals 4th Amendment interests against countervailing governmental interests That are at stake. Whaley v. Sisters of Mercy Health Sys. 399 A. 3d 904. Under 4th Amendment, seizure occurs when reasonable person believes he is not free to leave; when totality of circumstances indicate The encounter has become to intrusive to be classified as a brief seizure; encounter is an arrest and probable cause is required. U.S. v. Tanoco-Fajardo, 131 Fed. Appx. 231.

9) I feel Richland Mall is liable as The supervisor of Mr. Luna, because even Though - as I later found out- That Mr. Luna works as a Peace officer for T.C.T.S. his main employer, has to give Richland Mall authority to use him in his off-duty capacity and give explicit written instruction of his job duties. Tx. Edu. Code.

§§ 37.081.(e) "The board of trustees of the

district shall determine the scope of the on-duty and off-duty law enforcement activities of school district peace officers. A school district must authorize in writing any off-duty law enforcement activities performed by a school district peace officer." By statue, The school district not the chief of police, controls off-duty law enforcement activities of school district policemen. So this gives Richland Mall sole authority over Mr. Lunas activities, who then vested him with the power to unlawfully detain, falsely arrest, assault, and racially discriminate against unsuspecting customers. Therefore Richland Mall and its affiliates are legally responsible for any unlawful detention, false arrest, assault and battery, intentional infliction of emotional distress, invasion of privacy, and defamation.

This is a true and accurate account of what transpired between Mr. Luna and I and Richland Mall.

"FUTHER AFFIANT SAYETH NOT."



Pro Se Affiant

Andre D. Boyd

# 0184012

CURTIS EARL BUSEY
Notary Public
STATE OF TEXAS
ID#13129753-1
My Comm. Exp. Sep. 28, 202_

Subscribed and Sworn to Before ME,
THE undersigned authority, on This The
15 Th day of Jan. , 2021, To
certify which witness my hand and
original seal.

CURTIS EARL BUSBY
Notary Public
STATE OF TEXAS
ID# 13129753-1
My Comm. Exp. Sep. 28, 2021

01-15-21
NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS.

My Commission Expires 9-28-21

ps. 10 of 10

ATTACHMENT E

VI.          RELIEF.

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully prays That This court enter judgment granting plaintiff:

1) A declaration That The acts and omissions described herein violated plaintiffs rights under The Constitution and laws of The United States, and Texas Constitution.

2) A preliminary and permanent injunction ordering defendant's, Rogelio H. Luna, and Richland Mall security employees To stop all tasings of customers on Their premises and not be allowed to use tasers until The outcome or disposition of This case.

3) Compensatory damages in The amount of $250,000 against defendant Rogelio H. Luna and $1,000,000 against defendant Richland Mall, jointly and severally.

4) Punitive damages in The amount of $150,000 against defendant Rogelio H. Luna and $2,000,000 against defendant Richland Mall

pg. 1 of 2.

ATTACHMENT E

VI          Relief continued.

5) A jury trial on all issues triable by jury.

6) Plaintiffs costs in This suit.

7) Any additional relief This court deems appropriate including emotional and physical harm done to Plaintiff, That is proper and equitable.

**RECEIVED**
January 22, 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____lad_____
DEPUTY

Clerk, U.S. Dist. Court.
800 Franklin Ave. Rm. 380
Waco, TX. 76701
Jan. 15 2021.

RE's Civil § 1983 Complaint, Informa Pauperis
Form, and Motion for Appointment of Counsel.

Dear Clerk,

    Please find enclosed to be filed with This
court my civil § 1983 complaint, my informa
pauperis form, and a motion for Appointment
of Counsel. Please file This with This Court.
Also I would like permission to continue to
proceed in pencil since we are not allowed
to use pens here at McLennan County Jail.

                    Respectfully Submitted,

                    Pro Se Plaintiff
                    Andre D. Boyd
                        # 0184012
                    3101 E Marlin Hwy
                    Waco, TX 76705

                    Pg. 1 of 1.

Andre D. Boyd

# 0184012

3101 E. Marlin Hwy

Waco, TX. 76705

JAN 1 8 2021

Legal Mail